IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MGFB PROPERTIES, INC. et al.,

    Plaintiffs,

v.                                  CASE NO. 5:19cv257-RH-MJF

VIACOM INC. et al.,

    Defendants.

_____/

## ORDER DENYING THE MOTION TO DISMISS

This is a trademark-infringement case. The plaintiffs claim rights in the mark "Flora-Bama." The defendants use the mark "Flori-Bama." The defendants have moved to dismiss for failure to state a claim on which relief can be granted. They also have moved to stay all proceedings pending a ruling on the motion to dismiss. This order denies the motions.

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of a motion to dismiss, the complaint's factual

allegations, though not its legal conclusions, must be accepted as true. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A motion to dismiss is not the vehicle by which the truth of a plaintiff's factual allegations should be judged. Instead, it remains true, after *Twombly* and *Iqbal* as before, that "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993).

Here the complaint is sufficient. The complaint alleges the plaintiffs' mark "Flora-Bama" traces its origin to the opening of the Flora-Bama Lounge near the Florida-Alabama line in 1964. The complaint alleges the mark has acquired a strong secondary meaning and has been used in a wide array of entertainment productions, including in the title of a television show. The complaint alleges the defendants have infringed the mark by titling their own television show "Floribama Shore," even though the show is set 125 miles from the Florida-Alabama line. The complaint alleges the defendants chose the name to trade on the plaintiffs' goodwill and that the defendants' use of the name is likely to cause confusion about the source of the defendants' show.

Citing *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), the defendants assert they have a right to use the name "Floribama" in the title of their artistic

work. In *Rogers* the Second Circuit said the producer of a new work has a First Amendment interest in choosing the work's title. The court said that in applying the Lanham Act, the First Amendment interest must be balanced against the public interest in avoiding consumer confusion.

When the facts of the complaint in the case at bar are taken as true, it cannot be said that the *Rogers* balancing test is fatal to the plaintiffs' claim. Moreover, *Rogers* explicitly said its test does not apply to "misleading titles that are confusingly similar to other titles." *Id*. at 999 n.5. Whatever might be said when the actual facts are known, the complaint alleges facts sufficient to invoke the exception—and, more broadly, sufficient to state a claim on which relief can be granted.

For these reasons,

IT IS ORDERED:

1. The motion to dismiss, ECF No. 28, is denied.

2. The motion to stay, ECF No. 29, is denied.

SO ORDERED on October 21, 2019.

                                              s/Robert L. Hinkle
                                              United States District Judge