IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MGFB PROPERTIES, INC. et al.,

                *Plaintiffs,*

v.                                    Case No.: 5:19-cv-00257-RH/MJF

VIACOMCBS INC. et al.,

                *Defendants.*

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS'
RULE 16 MOTION TO AMEND SCHEDULING ORDER**

      Plaintiffs MGFB Properties, Inc., Flora-Bama Management, LLC, and Flora-Bama Old S.A.L.T.S., Inc. (collectively, "Plaintiffs") file this memorandum in opposition to Defendants' ViacomCBS Inc., 495 Productions Holdings LLC, and 495 Productions Services LLC (collectively, "Defendants") motion to amend the current scheduling order. *See* ECF 80 ("Motion to Amend"). Defendants filed their Motion to Amend the scheduling order entered by the Court on August 16, 2020. *See* ECF No. 71 ("the Scheduling Order"). The Scheduling Order was negotiated and agreed upon by both parties. Defendants' recent motion, however, seeks to undo those good-faith negotiations. For the reasons explained within, Defendants' Motion to Amend should be **DENIED**.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their complaint alleging trademark violations by Defendants on August 6, 2019. *See* ECF No. 1 ("the Complaint"). In that Complaint, Plaintiffs alleged that Defendants violated Plaintiffs' trademark "FLORA-BAMA," which is used in connection with the entertainment venue known as the Flora-Bama Lounge, Package, & Oyster Bar and several other venues owned and operated by Plaintiffs. *See* Complaint. Specifically, Plaintiffs allege that Defendants' television series *Floribama Shore* infringed upon Plaintiffs' registered trademarks.

Since filing the Complaint, Plaintiffs have diligently pursued this action. After initial motions and discovery requests, the parties commenced with fact depositions in March 2020. Unfortunately, COVID-19 became a serious issue that both the parties and the Court were required to address. Having completed only two in-person depositions of 495 Productions witnesses, the parties agreed to suspend in-person depositions. During this suspension of depositions, the Court entered three amended schedules, all of which were agreed to by the parties, in hopes that COVID-19 would quickly subside and in-person depositions could resume. *See* ECF Nos. 59, 62, and 67. Unfortunately, that did not occur quickly.

The parties filed a joint motion to amend the schedule on August 15, 2020, requesting one final schedule extension. *See* ECF No. 70. The next day, the Court filed its order amending the schedule with a trial set to begin July 26, 2021. *See*

2

ECF No. 71. In this order, the Court clearly stated "[t]he parties should not expect a further delay unless covid-19 conditions make compliance with this revised schedule unsafe or other extraordinary circumstances warrant a delay." *See id.* at 1. Both parties were aware of the Court's position on further amending the schedule as early as August 16, 2020, when this Order was entered. In an effort to diligently complete discovery and prepare for trial, the parties entered into a Remote Deposition Protocol on October 5, 2020. The parties immediately resumed depositions using the remote deposition format and continued to complete fact depositions by December 18, 2020.[1]

As a result of the fact discovery schedule, the parties agreed to produce initial expert reports on January 22, 2021, as opposed to January 11, 2021, the date prescribed in the August 2020 Scheduling Order. Further, the parties agreed that rebuttal expert reports would be due on February 19, 2021, rather than February 8, 2021, the date prescribed in the August 2020 Scheduling Order. In accordance with the agreement, Plaintiffs served four expert reports and Defendants served one expert report on January 22, 2021. On February 19, 2021, Plaintiffs served one rebuttal expert report and Defendants served three of their own. At no point from

---

[1] The parties, in an effort to accommodate the schedules of both the witnesses and attorneys, agreed to several depositions after the December 4, 2020, fact-discovery deadline. Additionally, Defendants requested to depose John McInnis, one of Plaintiffs' designated 30(b)(6) witnesses, during the first week of January 2021. Due to illness, Mr. McInnis's deposition was ultimately postponed until January 15, 2021.

entry of the Scheduling Order in August 2020 through the service of rebuttal expert reports on February 19, 2021, did Defendants raise concerns about the number of experts or the number of expert reports.

On February 23, 2021, the week following after service of rebuttal reports, Defendants requested to meet and confer with Plaintiffs regarding scheduling later that same week.[2] During the conference, Plaintiffs and Defendants discussed the scheduling of the upcoming expert depositions, Plaintiffs also proposed that the parties agree to an exchange of documents related to the expert reports in order to streamline expert discovery. During the conference, Defendants requested that Plaintiffs consider moving the trial date from the currently scheduled July 26, 2021, date to October 4, 2021, or a date available thereafter. Additionally, Defendants proposed the following potential deposition dates for their expert witnesses:

- Itamar Simonson – 3/24 or 4/19-4/23;
- Brian Van Uden – 3/26, 3/29, or 4/6-4/8; and,
- Larry Chiagouris – 3/19, 3/24, 4/2, 4/7, 4/9, or 4/21-22.[3]

---

[2] In their Motion to Amend, Defendants claim "Plaintiffs were not able to have such a call until Friday, February 26, 2021, a full week after the parties served their rebuttal reports." *See* ECF No. 80 at 7. Defendants do not mention that they proposed setting the conference call on either "Thursday [February 25, 2021] 1:30-3:30 or 4-5:30, or on Friday [February 26, 2021] any time after 10:30 (all times Eastern)."

[3] While conveying the potential date for Larry Chiagouris' deposition, counsel for Defendants indicated that March 19 was not "ideal," yet offered it as a potential date.

When reviewing the dates provided by Defendants, only four proposed dates fell within the expert-discovery period. During the same conference, Plaintiffs offered the following dates for their expert witnesses[4]:

- Michael Albrecht –availability throughout March; and
- Walter Bratic – 3/18, 3/19, and 3/22.

Plaintiffs agreed to let Defendants know the availability of Plaintiffs' remaining two experts for deposition and to confirm the dates Plaintiffs would depose Defendants' experts. The following week, on March 1, 2021, Plaintiffs contacted the Defendants to notify them of Plaintiffs' unwillingness to extend the case schedule as well as to confirm the following dates for expert depositions:

- Michael Albrecht (P) – 3/18;
- Walter Bratic (P) – 3/22;
- Itamar Simonson (D) – 3/24;
- David Franklyn (P) – 3/26;
- Brian Van Uden (D) – 3/29;
- Jason McDonald (P) – 3/31; and
- Larry Chiagouris (D) – 4/2.

On March 2, 2021, Defendants requested to meet and confer regarding Plaintiffs' proposed schedule. Plaintiffs obliged and attended a call the same day, during which Defendants proposed another extension of the case schedule, this time, with a trial set on September 20, 2021, or a date thereafter. On March 3,

---

[4] At the time of the call, Plaintiffs were confirming availability for experts David Franklyn and Jason McDonald.

2021, Plaintiffs contacted Defendants to reiterate their unwillingness to depart from the August 2020 schedule and to resolve the issues around expert depositions. Ultimately, the parties were able to schedule all of the depositions with the final deposition of Larry Chiagouris scheduled to occur on April 8, 2021.

## LEGAL STANDARD

It is a clear principle that "[a] scheduling order may be modified **only** for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). This Court has already stated "[t]he parties should not expect a further delay unless covid-19 conditions make compliance with this revised schedule unsafe or other extraordinary circumstances warrant a delay." *See* ECF No. 71 at 1.

## ARGUMENT

### I.  Defendants Have Not Acted Diligently.

Defendants claim they have acted diligently in moving this Court and suggest that filing their Motion to Amend supports that claim. Plaintiffs disagree. Defendants rely on *Bassler v. George Weston Bakers Distribution Inc.*, No. 8-cv-595, 2009 WL 10670778, at *2 (M.D. Fla. Nov. 25, 2009), to support their contention that, in filing a motion three days after an impasse, Defendants have acted diligently. This argument should be rejected.

First, Defendants' reference to fact depositions being concluded in January 2021 is immaterial. Defendants did not move to amend the case schedule related to

fact discovery either before or immediately following the fact discovery deadline. The parties coordinated and worked around the attorneys' and witnesses' schedules to efficiently conduct multiple remote fact depositions during the ongoing COVID-19 pandemic. To now cite back to the end of fact discovery—which occurred months ago—shows, if anything, a lack of diligence.

Second, Defendants argue that, as a result of prolonged fact depositions, the expert report disclosure dates, for both initial and rebuttal reports, had to be extended. While the parties did agree to producing initial expert reports on January 22, 2021, and rebuttal expert reports on February 19, 2021, Defendants neither filed a motion to extend the case schedule nor raised with Plaintiffs any concerns that such a brief adjustment to the expert disclosure schedule would later be cited as grounds to again postpone trial.

Once Defendants received Plaintiffs' four initial expert reports on January 22, 2021, and served Defendants' one initial expert report on the same day, they were immediately aware of the five disclosed experts and, of course, were aware of their two additional rebuttal experts who had been engaged. Defendants raised no concerns related to the proposed schedule or the number of experts. On February 19, 2021, Plaintiffs served the rebuttal report of David Franklyn (who had served an initial report) and Defendants served the rebuttal reports of Itamar Simonson, Brian Van Uden, and Larry Chiagouris. It is difficult to fathom that Defendants

were unaware of the full scope of expert discovery once initial expert reports were served on January 22, 2021. In fact, Defendants knew the identity of all seven potential experts in this litigation on the day initial expert reports were served, whereas Plaintiffs did not learn the identity or existence of Defendants' rebuttal experts until their reports were served on February 19, 2021. Having had Plaintiffs' four initial expert reports for approximately 30 days and Plaintiffs' one rebuttal expert report for approximately four days—valuable time to review and prepare for upcoming depositions—that Defendants first raised concerns about the case schedule. As detailed in the Background section above, between February 26 and March 4, 2021, the parties negotiated an expert deposition schedule with depositions concluding on April 8, 2021. Defendants did not file their Motion to Amend until March 11, 2021, further evidence that they failed to act diligently.

Defendants also raise concerns that the mediation for this case is scheduled on April 22, 2021, just one day before summary judgment motions are due. But Defendants chose that date in the first place. The parties engaged an agreed-upon mediator (whom the parties had informally agreed to many months ago) and held a conference on March 9, 2021, to schedule the mediation. During this conference, the mediator notified the parties he would be available to mediate on April 14, 15, 16, 21, 22, and 23. The next day, March 10, Defendants confirmed the April 22 mediation date (with mediation papers being due on April 12), fully aware that the

deadline for summary judgment motions would be the day following mediation. *See* ECF No. 71. In the Motion to Amend, Defendants now claim the schedule is "facially unreasonable and cannot be met as a practical matter no how diligently the parties act." *See* ECF No. 80 at 11.

Putting aside the fact that Defendants chose the mediation date, they have no lack of resources to prepare the necessary papers for both mediation and summary judgment.[5] Five attorneys have appeared for Defendants. *See* ECF Nos. 15, 19, 76, 77, and 78.[6] Defendants have two additional attorneys who have assisted with the litigation of this case.[7] Further, the content of the mediation papers and the motion(s) for summary judgment necessarily overlap. Defendants' are simply overreaching in arguing that the deadlines "cannot be met as a practical matter." In any event, it is an issue that they should have foreseen when they agreed to the mediation date.

Further, Defendants' arguments about the summary judgment deadline ignore two of this Court's warnings. The Court stated in its August 2020

---

[5] Per their website, Jenner & Block "has more than 500 lawyers who offer substantial experience in virtually every area of the law." *See* https://jenner.com/people.

[6] Attorney Robert W. Pass's appearance in this matter is documented in the parties' Joint Motion to Approve Stipulation for Extension to Answer, Move, or Otherwise Respond to Complaint. *See* ECF No. 15.

[7] While no motions for *pro hac vice* status have been filed, attorneys Brittany Lamb and Ethan Wong of Jenner & Block have appeared involved in numerous discovery productions and throughout various depositions.

Scheduling Order that "[t]he parties should not expect a further delay unless COVID-19 conditions make compliance with this revised schedule unsafe or other extraordinary circumstances warrant a delay." *See* ECF No. 71 at 1. As detailed by Defendants in their Motion to Amend, much of this litigation has proceeded remotely. *See* ECF No. 80. There is no reason to believe that Defendants would now be unable to prepare motions for summary judgment and/or mediation papers and attend mediation remotely. Defendants also fail to heed the Court's warning in the original Scheduling and Mediation Order where this Court clearly states "[summary judgment motions] *should be filed at the earliest appropriate time. It is rarely necessary that such motions await the completion of all discovery.*" *See* ECF No. 37 at 2 (emphasis supplied).

In light of these warnings, Defendants knew, as of the entry of the August 2020 Scheduling Order, the deadline for filing summary judgment motions would be April 23, 2021. Defendants' failure to consider these deadlines—negotiated and agreed to by Defendants' counsel—do not now create an emergency that justifies postponing a trial set 11 months in advance.

## II.   Good Cause Does Not Exist to Amend the Scheduling Order.

Defendants' argument that good cause exists to amend the Scheduling Order fails due to Defendants' lack of diligence. Defendants claim that failure to amend the case schedule will prejudice them, will deprive the Court of sufficient time to

10

consider all the pretrial issues in this case, and will have no effect on Plaintiffs' ability to seek relief for Defendants' infringement. *See* ECF No. 80 at 11.

Defendants' argument that failure to amend the case schedule will prejudice Defendants is simply wrong. As stated above, Defendants have known since the Court's initial scheduling order, entered on November 2, 2019, that summary judgment motions *"should be filed at the earliest appropriate time. It is rarely necessary that such motions await the completion of all discovery."* *See* ECF No. 37 at 2 (emphasis supplied). Defendants have been aware of the pending April 23, 2021, summary judgment deadline since the Scheduling Order was entered in August 2020. *See* ECF No. 71. Defendants' lack of preparation and their apparent insistence, even now, in waiting until the last possible day to file their summary judgment motion does not constitute an emergency for the Court or the Plaintiffs.

Defendants also assert that the Court will not have sufficient time to handle the potential matters presented in this litigation. Defendants attempt to guess the number of motions that will come before the Court before even the first motion is filed. In contemplating the August 2020 Scheduling Order, the parties considered the Court's request at an earlier teleconference that the Court would need approximately fourteen weeks from the filing of summary judgment motions until the start of trial to handle all the pre-trial matters. The current Scheduling Order allows for that time. When examined closely, Defendants' Motion to Amend

11

simply buys more time for any potential reply to summary judgment motions. When considering Defendants' proposed amended schedule in their Motion to Amend, Defendants attempt to modify the previously negotiated schedule by extending the time to reply to an opposition to a summary judgment motion from seven days to twenty-one. *See* ECF No. 80 at 14. Based on the Court's prior statements that fourteen weeks was needed between motions for summary judgment being filed and the start of trial, the current schedule incorporates this window to prepare requested by the Court. Naturally, the Court is in the best position to determine whether the current Scheduling Order allows adequate time to determine any forthcoming motions.

Finally, Defendants claim that Plaintiffs will not be prejudiced by the Court granting the Motion to Amend. Not so. Defendants continue to air old episodes of their infringing television series from its first three seasons, and recently began broadcasting a fourth season on February 25, 2021.[8] Defendants continue to willfully infringe on Plaintiffs' "FLORA-BAMA" trademarks. Plaintiffs have litigated this case diligently and have worked with Defendants to navigate the uncertainties present by COVID-19, all in reliance on the Court's August 2020 schedule.

---

[8] As of the filing of this memorandum of law, Defendants have aired season 4 of *Floribama Shore* and continue to show weekly episodes. *See* https://www.mtv.com/shows/tpb1z7/mtv-floribama-shore.

Defendants' argument that COVID-19 will create risks for the July 2021 trial date and warrant further extensions also is misguided and premature. This argument overlooks the growing number of persons receiving COVID-19 vaccinations and the United States government's desire to have enough vaccinations for every adult by the end of May 2021.[9] Obviously, the Court is in the best position to determine whether there are sufficient safeguards in place in light of the growing number of persons receiving vaccinations to continue with a July 2021 trial date. Given that the trial date was agreed upon between the parties before a vaccine was even available, Defendants' arguments here, again, show a lack of diligence, or at the very least, a lack of any consistent principle.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Rule 16 Motion To Amend Scheduling Order.

---

[9] *See* https://www.cnn.com/2021/03/02/politics/biden-merck-johnson--johnson-vaccine/index.html.

Date: March 25, 2021

                <u>*/s/ Joshua R. Harris*</u>
                Joshua R. Harris (FBN 124124)
                jharris@levinlaw.com
                Troy Rafferty (FBN 024120)
                traffery@levinlaw.com
                Matthew D. Schultz (FBN 640328)
                mschultz@levinlaw.com
                LEVIN, PAPANTONIO, RAFFERTY,
                PROCTOR, BUCHANAN, O'BRIEN, BARR
                and MOUGEY, P.A.
                316 South Baylen Street, Suite 600
                Pensacola, FL 32502-5996
                Tel: 850.435.7018
                Fax: 850.436.6018

                Fred H. Perkins *(Pro Hac Vice)*
                MORRISON COHEN LLP
                909 Third Avenue
                New York, New York 10022
                Tel: 212.735.8647
                Fax: 917.522.3147

                *Counsel for the Plaintiffs*

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.1(F), the undersign states that the number of words in the foregoing memorandum is 3,187 including the heading, footnotes, and quotations.

Date: March 25, 2021

>  */s/ Joshua R. Harris*
>  Joshua R. Harris