UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CASE NO. 5:19-CV-00257-RH-MJF

MGFB PROPERTIES, INC., FLORA-BAMA MANAGEMENT, LLC, and FLORA-BAMA OLD S.A.L.T.S., INC.,

    Plaintiffs,

vs.

VIACOMCBS INC., 495 PRODUCTIONS HOLDINGS LLC, and 495 PRODUCTIONS SERVICES LLC,

    Defendants.

## JOINT MOTION TO APPROVE JOINT STIPULATION SETTING PROCEDURE FOR FILING CONFIENTIAL INFORMATION AND DOCUMENTS

Plaintiffs MGFB Properties, Inc., Flora-Bama Management, LLC, and Flora-Bama Old S.A.L.T.S., Inc., and Defendants ViacomCBS Inc., 495 Productions Holdings LLC, and 495 Productions Services LLC (each a "Party" and collectively the "Parties") respectfully request that the Court approve the Parties' Joint Stipulation Setting Procedure for Filing Confidential Information and Documents as set forth below on the grounds set out in the Joint Stipulation.

## JOINT STIPULATION SETTING PROCEDURE FOR FILING CONFIDENTIAL INFORMATION AND DOCUMENTS

WHEREAS, at the outset of discovery in this action, the Court entered a Stipulated Protective Order (Dkt. 38) that permitted the Parties to designate certain discovery materials as "Confidential" or "Attorneys' Eyes Only";

WHEREAS, during discovery, the Parties in fact designated certain discovery materials as Confidential or Attorneys' Eyes Only pursuant to the Stipulated Protective Order;

WHEREAS, the Parties have completed discovery and will soon be engaging in post-discovery motion practice, which will require them to file and refer to a significant amount of materials they have designated as Confidential or Attorneys' Eyes Only;

WHEREAS, paragraph 13 of the Stipulated Protective Order stated that "[b]efore filing Confidential or Attorneys' Eyes Only Discovery Material or discussing or referencing such material in court filings, the filing party shall confer with the Producing Person to determine whether the Producing Person will remove the Confidential or Attorneys' Eyes Only designation, whether the document can be redacted, and whether a motion to seal or stipulation and proposed order is warranted";

WHEREAS, the Parties have met and conferred, and agree that it will be impractical to attempt to resolve issues of confidentiality in advance of each

individual filing involved in post-discovery motion practice;

WHEREAS, the Parties have met and conferred, and agree that it will be more efficient for the Parties and the Court to address issues of confidentiality after any post-discovery motion is fully briefed; and

WHEREAS, this Joint Stipulation does not affect the legal standard governing the public's ability to access material submitted to the Court for consideration on an issue other than a discovery dispute;

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among the Parties, through their respective counsel:

1. Notwithstanding any provision in the Stipulated Protective Order, for the mutual convenience of the Parties and the Court, all post-discovery motion papers that include or refer to materials designated as Confidential or Attorneys' Eyes Only should be filed in accordance with the following procedure:

    a. The Parties' motions, briefs (including opposition briefs and any replies), and evidentiary materials shall be filed provisionally under seal;

    b. Within 21 days of any motion being fully briefed ("fully briefed" meaning the day of the last permissible filing in support or opposition to the motion), any Party seeking to maintain the confidentiality of any material filed provisionally under seal

    shall make an application to the Court identifying with particularity (*e.g.*, with proposed redactions) the material that should remain confidential and explaining the legal basis for the continued sealing of such material. Objections to the unsealing of any material not so identified in such an application are waived.

c. In advance of filing any application for the continued sealing of any material, the Parties submitting such an application (the "Applying Parties") shall meet and confer with the other Parties (the "Non-Applying Parties") to determine whether the Non-Applying Parties object to the Applying Parties' request. Any application shall state whether the Non-Applying Parties object to any portion of it. Any objections shall be submitted within 10 days of the application.

d. Within 10 days of the Court's resolution of any application for the continued sealing of any material, the Parties shall implement any approved redactions and file redacted versions of their filings on the public docket. Each Party shall be responsible for implementing redactions to its own motion papers and supporting materials and timely filing them.

Date: April 21, 2021

| | |
|---|---|
| */s/ Joshua R. Harris* | */s/ Susan J. Kohlmann* |
| Joshua R. Harris (FL Bar #124124) | Susan J. Kohlmann (*Pro Hac Vice*) |
| Troy Rafferty (FL Bar #024120) | Alison I. Stein (*Pro Hac Vice*) |
| Matthew D. Schultz (FL Bar #640328) | Rémi J.D. Jaffré (*Pro Hac Vice*) |
| LEVIN, PAPANTONIO, RAFFERTY, | Jacob L. Tracer (*Pro Hac Vice*) |
| PROCTOR, BUCHANAN, O'BRIEN, | JENNER & BLOCK LLP |
| BARR and MOUGEY, P.A. | 919 Third Avenue, 38th Floor |
| 316 S. Baylen St., Suite 600 | New York, NY 10022 |
| Pensacola, FL 32502-0502 | Tel: (212) 891-1600 |
| Tel: (850) 435-7018 | Fax: (212) 891-1699 |
| Fax: (850) 436-6018 | skohlmann@jenner.com |
| jharris@levinlaw.com | astein@jenner.com |
| trafferty@levinlaw.com | rjaffre@jenner.com |
| mschultz@levinlaw.com | jtracer@jenner.com |
| | |
| Fred H. Perkins (*Pro Hac Vice*) | Robert W. Pass (FL Bar #183169) |
| MORRISON COHEN LLP | CARLTON FIELDS, P.A. |
| 909 Third Avenue | 215 South Monroe Street, Suite 500 |
| New York, NY 10022 | Tallahassee, FL 32301 |
| Tel:  (212) 735-8647 | Tel: (850) 224-1585 |
| Fax:   (212) 522-3147 | Fax: (850) 222-0398 |
| fhperkins@morrisoncohen.com | rpass@carltonfields.com |
| | |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

SO ORDERED on April 23, 2021.

                                        s/Robert L. Hinkle
                                        United States District Judge