UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CASE NO. 5:19-CV-00257-RH-MJF

MGFB PROPERTIES, INC., FLORA-
BAMA MANAGEMENT, LLC, and
FLORA-BAMA OLD S.A.L.T.S., INC.,

      Plaintiffs,

vs.

VIACOMCBS      INC.,     495
PRODUCTIONS HOLDINGS LLC, and
495 PRODUCTIONS SERVICES LLC,

      Defendants.

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

FILED USDC FLND TL
JUN 1 '21 PM 1:58

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................1

ARGUMENT .....................................................................................................1

    I.    *ROGERS* PRECLUDES PLAINTIFFS' CLAIMS. .......................1

        A.    Defendants' Alleged Uses Are Expressive. ..........................1

        B.    No Exception To *Rogers* Applies. .......................................3

    II.    PLAINTIFFS CANNOT PROVE THEIR CLAIMS. ....................7

        A.    There Is No Likelihood Of Confusion. ................................7

        B.    Plaintiffs' Other Claims Fail. .............................................13

    III.    495 MUST BE DISMISSED. ........................................................14

CONCLUSION ................................................................................................14

<u>**UNREDACTED VERSION FILED PROVISIONALLY UNDER SEAL**</u>

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Betty's Found. for Elimination of Alzheimer's Disease v. Trinity Christian Ctr.*, No. 20-cv-2146, Dkt. 29 (C.D. Cal. 2021) ................................... 2

*Brady v. Grendene USA, Inc.*,
2014 WL 5783771 (S.D. Cal. 2014) ...................................................................... 9

*CI Games S.A. v. Destination Films*,
2016 WL 9185391 (C.D. Cal. 2016) ...................................................................... 7

*Dickinson v. Ryan Seacrest Enterprises Inc.*,
839 F. App'x 110 (9th Cir. 2020) ......................................................................... 5

*Dr. Seuss Enterprises, L.P. v. ComicMix LLC*,
983 F.3d 443 (9th Cir. 2020) ................................................................................ 7

*E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.*,
547 F.3d 1095 (9th Cir. 2008) ......................................................................... 4, 5

*Facenda v. N.F.L. Films, Inc.*,
542 F.3d 1007 (3d Cir. 2008) ............................................................................... 2

*Fla. Int'l Univ. Bd. of Trustees v. Fla Nat'l Univ.*,
830 F.3d 1242 (11th Cir. 2016) ............................................................................ 8

*Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*,
859 F. Supp. 1521 (S.D.N.Y. 1994) ...................................................................... 2

*HBP, Inc. v. Am. Marine Holdings, Inc.*,
290 F. Supp. 2d 1320 (M.D. Fla. 2003) ................................................................ 8

*Incarcerated Entm't, LLC v. Warner Bros. Pictures*,
261 F. Supp. 3d 1220 (M.D. Fla. 2017) ................................................................ 2

*Invisasox, LLC v. Everything Legwear, LLC*,
2020 WL 6134336 (M.D. Fla. 2020) .............................................................. 9, 11

*IOW, LLC v. Breus*,
425 F. Supp. 3d 1175 (D. Ariz. 2019) ................................................................... 5

**UNREDACTED VERSION FILED PROVISIONALLY UNDER SEAL**

*It's a 10, Inc. v. Beauty Elite Group, Inc.*,
  2013 WL 6834804 (S.D. Fla. 2013) .................................................................. 13

*Jackson v. Netflix, Inc.*,
  2020 WL 8028615 (C.D. Cal. 2020) ............................................................... 2, 5

*Kibler v. Hall*,
  843 F.3d 1068 (6th Cir. 2016) ........................................................................ 10

*Marketquest Grp. v. BIC Corp.*,
  862 F.3d 927 (9th Cir. 2017) .......................................................................... 11

*Monsanto Co. v. Campuzano*,
  206 F. Supp. 2d 1252 (S.D. Fla. 2002) ........................................................... 13

*Moore v. Weinstein Co.*,
  2012 WL 1884758 (M.D. Tenn. 2012) .............................................................. 4

*O'Grady v. Twentieth Century Fox Film Corp.*,
  2003 WL 24174616 (E.D. Tex. 2003) ................................................................ 4

*Off Lease Only, Inc. v. Lakeland Motors, LLC*,
  825 F. App'x 722 (11th Cir. 2020) .................................................................. 11

*Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*,
  496 F.3d 1231 (11th Cir. 2007) ....................................................................... 14

*Parfums De Coeur, Ltd. v. Lazarus*,
  83 U.S.P.Q.2d 1012 (T.T.A.B. 2007) ............................................................... 10

*Parks v. LaFace Records*,
  329 F.3d 437 (6th Cir. 2003) ............................................................................ 4

*PlayNation Play Systems, Inc. v. Velex Corp.*,
  924 F.3d 1159 (11th Cir. 2019) .................................................................. 10, 13

*PODS Enterprises, LLC v. U-Haul Int'l, Inc.*,
  126 F. Supp. 3d 1263 (M.D. Fla. 2015) ........................................................... 13

*Rebelution, LLC v. Perez*,
  732 F. Supp. 2d 883 (N.D. Cal. 2010) ............................................................... 5

iv
**UNREDACTED VERSION FILED PROVISIONALLY UNDER SEAL**

*Rogers v. Grimaldi*,
    875 F.2d 994 (2d Cir. 1989) ...................................................................1

*State Farm Mut. Auto. Ins. Co. v. B&A Diagnostic, Inc.*,
    145 F. Supp. 3d 1154 (S.D. Fla. 2015) .................................................12

*Twentieth Century Fox Television v. Empire Distribution Inc.*,
    161 F. Supp. 3d 902 (C.D. Cal. 2016) ....................................................6

*Twentieth Century Fox Television v. Empire Distribution Inc.*,
    875 F.3d 1192 (9th Cir. 2017) .....................................................2, 3, 5, 7

*Uber Promotions, Inc. v. Uber Technologies, Inc.*,
    162 F. Supp. 3d 1253 (N.D. Fla. 2016) .................................................11

*Univ. of Ala. Bd. of Trustees v. New Life Art, Inc.*,
    683 F.3d 1266 (11th Cir. 2012) ...............................................................6

*Warner Bros. Entm't v. Global Asylum, Inc.*,
    2013 WL 12114836 (C.D. Cal. Jan. 29, 2013) ......................................4

*White v. Toscano, Inc.*,
    2005 WL 8160219 (M.D. Fla. 2005) ......................................................8

*Wreal, LLC v. Amazon.com, Inc.*,
    2019 WL 3890320 (S.D. Fla. 2019) ..................................................9, 12

*You Fit, Inc. v. Pleasanton Fitness, LLC*,
    2013 WL 521784 (M.D. Fla. 2013) .......................................................12

**Other Authorities**

Fed. R. App. P. 28(b) ....................................................................................1

N.D. Fla. Local Rule 56.1(C)........................................................................1

**UNREDACTED VERSION FILED PROVISIONALLY UNDER SEAL**

## INTRODUCTION

Even accepting Plaintiffs' factual assertions as true, Defendants are entitled to summary judgment as a matter of law. Plaintiffs' opposition ignores black-letter law applicable to *Rogers* and the likelihood-of-confusion test, and instead misstates the relevant legal standards in an effort to manufacture a factual dispute. However, applying the correct legal standards, there is no genuine dispute as to any material fact and Defendants' motion should be granted.

## ARGUMENT[1]

### I.   *ROGERS* PRECLUDES PLAINTIFFS' CLAIMS.

*Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), and its progeny dispose of this case. Mem. 6-18.[2] Plaintiffs' opposition underscores that this is exactly the factual scenario *Rogers* was designed to address and protect from liability.

#### A. Defendants' Alleged Uses Are Expressive.

It is undisputed that the title, content, and theme song of *MTV Floribama Shore* are expressive. Mem. 7-8.

---

[1] Defendants' Statement of Facts is undisputed. Mem. 1-5. Plaintiffs did not "respond to the moving party's statement of facts as would be appropriate in an appellate brief." N.D.Fla. L.R. 56.1(C). Such omission in an appellee's brief indicates that the appellee is not "dissatisfied with the appellant's statement." Fed.R.App.P. 28(b).

[2] The "balancing" in *Rogers* referred to the adoption of its test, not to any balancing within the test, as Plaintiffs posit. Opp. 3.

<u>**UNREDACTED VERSION FILED PROVISIONALLY UNDER SEAL**</u>

So are advertising and merchandising materials incorporating the title. In *Twentieth Century Fox Television v. Empire Distribution, Inc.*, the Ninth Circuit held *Rogers* "could be destabilized if the titles of expressive works were protected but could not be used to promote those works." 875 F.3d 1192, 1197 (9th Cir. 2017). Plaintiffs ignore that since *Empire*, courts have extended *Rogers* to the use of titles in advertising and merchandising materials. *Betty's Found. for Elimination of Alzheimer's Disease v. Trinity Christian Ctr.*, No. 20-cv-2146, Dkt. 29 at 5 (C.D.Cal. 2021) (merchandising); *Jackson v. Netflix, Inc.*, 2020 WL 8028615, at *3 (C.D.Cal. 2020) (advertising).

Plaintiffs do not dispute *Empire*'s logic, but summarily claim *Empire* is wrong, citing only cases that predate it. Opp. 9. Those cases also consider a different issue: whether the First Amendment protects material in an advertisement *other than* a work's title. *Incarcerated Entm't, LLC v. Warner Bros. Pictures*, 261 F. Supp. 3d 1220, 1225, 1229 (M.D.Fla. 2017); *Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007, 1011, 1016 (3d Cir. 2008); *Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*, 859 F. Supp. 1521, 1523 (S.D.N.Y. 1994). In that context, the First Amendment interest is diminished because the speech at issue is not independently protected.

**UNREDACTED VERSION FILED PROVISIONALLY UNDER SEAL**

**B. No Exception To *Rogers* Applies.**

    *1. The Confusingly Similar Titles Exception Neither Exists Nor Applies.*

The *Rogers* test does not include a confusingly similar titles exception because that would have "the potential to duplicate either the likelihood-of-confusion test or the second prong of *Rogers*." *Empire*, 875 F.3d at 1197; Mem. 13. Plaintiffs again fail to dispute *Empire*'s logic and cite only cases that predate *Empire*.[3]

In any event, this purported exception has no application here. Plaintiffs do not dispute that courts must distinguish confusion between competing expressive works (where *Rogers* would not apply) from confusion between an expressive work and other trademark rights (where *Rogers* does apply). Mem. 14-15.

There is zero evidence of any likelihood of confusion between the Series and any expressive work incorporating Plaintiffs' Mark. Mem. 15-16. Plaintiffs' survey did not test for such confusion, and Plaintiffs do not attempt to apply the likelihood of confusion factors to any such works. Plaintiffs claim only that they put expressive works "at issue" by identifying them and that they "promoted" a 2014 Kenny Chesney concert. Opp. 8-9.[4] However, those assertions do not create a triable issue of fact regarding whether anyone is likely to be confused about the relationship

---

[3] Defendants already distinguished Plaintiffs' authorities. Mem. 13-14.

[4] Plaintiffs wrongly claim for the first time that the names of their establishments are artistic titles. Opp. 6. Plaintiffs' establishments are *venues* for concerts, not expressive works.

**UNREDACTED VERSION FILED PROVISIONALLY UNDER SEAL**

between the Series and another expressive work. *Moore v. Weinstein Co.*, 2012 WL 1884758, at *36-40 (M.D.Tenn. 2012).[5] Thus, even if this purported exception exists, it does not apply as a matter of law.[6]

    *2. Neither* Rogers *Exception Applies.*

    **Artistic relevance.** Artistic relevance requires only that the relationship between an expressive work and its use of a mark "be above zero." *E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1100 (9th Cir. 2008); Mem. 9. Plaintiffs do not dispute the dispositive evidence showing that ViacomCBS executives who named the Series chose the word "Floribama" to describe the Southern beach-going subculture it depicts. Mem. 3-4, 9-11.[7]

    Instead, Plaintiffs raise issues immaterial to determining artistic relevance, namely whether "Floribama" means anything other than Plaintiffs' establishments

---

[5] The *Moore* court granted summary judgment because, like here, plaintiffs failed to present evidence of a likelihood of confusion "between the [defendants' works] on the one hand and the [plaintiffs' alleged works] on the other." 2012 WL 1884758, at *36.

[6] Accordingly, Plaintiffs' asserted facts and related statements of law concerning standing are not only incorrect, but also irrelevant. Opp. 6-8.

[7] Unlike here, Plaintiffs' cases involved factual disputes regarding whether any relationship existed between the content of a work and a mark. *Parks v. LaFace Records*, 329 F.3d 437, 452 (6th Cir. 2003); *O'Grady v. Twentieth Century Fox Film Corp.*, 2003 WL 24174616, at *15 (E.D.Tex. 2003). Further, *Warner Bros. Entm't v. Global Asylum, Inc.*, 2013 WL 12114836 (C.D.Cal. Jan. 29, 2013), is inapposite because "Floribama" appears in the Series, including to describe the subculture depicted. Opp. 13-14.

4

**UNREDACTED VERSION FILED PROVISIONALLY UNDER SEAL**

and whether Defendants invented the Series' subculture and made up its connection to "Floribama." Opp. 12-15. Even viewing these issues in the light most favorable to Plaintiffs, Defendants prevail as a matter of law. An expressive work does *not* need to refer to a mark's owner or use a mark in the same way its owner does. *Empire*, 875 F.3d at 1198-99; *E.S.S.*, 547 F.3d at 1100; *Jackson*, 2020 WL 8028615 at *4. Instead, the use of a mark can be artistically relevant simply by "supporting the themes" of the work even without "link[ing] the work to another mark." *Empire*, 875 F.3d at 1199. The relevant inquiry is whether the use of a mark "has some artistic relation to the work" such that it is not "arbitrary." *Id.* at 1198.[8]

Trying to make their alleged facts material, Plaintiffs misstate this legal standard. First, Plaintiffs incorrectly suggest that Defendants must have a "need" to use "Floribama." Opp. 12. The *Rogers* test requires artistic relevance merely "above zero." *Supra*, at 4.

Second, Plaintiffs wrongly claim that *Rogers* does not permit a defendant to use a mark creatively and give it new meaning, citing only the much-criticized *Rebelution, LLC v. Perez*, 732 F. Supp. 2d 883 (N.D.Cal. 2010). Opp. 15. *Rebelution* misstates and misapplies *Rogers*. *IOW, LLC v. Breus*, 425 F. Supp. 3d 1175, 1193

---

[8] *Rogers* applies whether the content is fiction, non-fiction, or blurs the two. *See, e.g.*, *Empire*, 875 F.3d at 1195 (fiction); *Jackson*, 2020 WL 8028615, at *1 (non-fiction); *Dickinson v. Ryan Seacrest Enterprises Inc.*, 839 F. App'x 110 (9th Cir. 2020) (reality television).

**UNREDACTED VERSION FILED PROVISIONALLY UNDER SEAL**

n.10 (D.Ariz. 2019) (*Rebelution* "has been rejected"); *Empire*, 161 F. Supp. 3d 902, 907-08 (C.D.Cal. 2016) (*Rebelution* "has been criticized for misapplying the *Rogers* test").

**Explicitly Misleading.** In this Circuit, the "mere inclusion" of a mark in an expressive work is *not* explicitly misleading. Even if some people "draw the incorrect inference," that risk "is so outweighed by the interest in artistic expression as to preclude" liability. *Univ. of Ala. Bd. of Trustees v. New Life Art, Inc.*, 683 F.3d 1266, 1279 (11th Cir. 2012). To be explicitly misleading, the defendant must make an "overt" statement that the plaintiff endorsed, sponsored, or is affiliated with the work. *Id.*

Plaintiffs cite no such overt statement. Opp. 18-19. Of Plaintiffs' six bullet points, four do not even involve any statement Defendants made to the public about the Series. The other two cite no overt statements that the Series is affiliated with Plaintiffs.[9]

Unable to meet this Circuit's standard, Plaintiffs look for a different one. Neither of their alternatives has been adopted by this Circuit and both have been

---

[9] That 495's president misspelled the Series' title in three tweets that do not reference Plaintiffs creates no triable issue of fact. Opp. 18. Mere misspellings are not "overt" statements of endorsement.

6
**UNREDACTED VERSION FILED PROVISIONALLY UNDER SEAL**

criticized.[10] First, Plaintiffs cite a Ninth Circuit opinion ostensibly rejecting an overt statement requirement. Opp. 16. However, just two years later, the Ninth Circuit limited that opinion to circumstances "where the defendant's expressive work consisted of the mark and not much else." *Dr. Seuss Enterprises, L.P. v. ComicMix LLC*, 983 F.3d 443, 462 (9th Cir. 2020). The Series undisputedly includes expressive content far beyond its use of the word "Floribama." Mem. 12 n.6.[11]

Second, Plaintiffs cite authorities considering the likelihood of confusion factors to determine whether the use of a mark is explicitly misleading. Opp. 17. That approach has been roundly criticized—including in cases Plaintiffs cite— because it would "render the second prong of the *Rogers* test a nullity." *CI Games S.A. v. Destination Films*, 2016 WL 9185391, at *3 n.3 (C.D.Cal. 2016); *Empire*, 875 F.3d at 1199.

## II.   PLAINTIFFS CANNOT PROVE THEIR CLAIMS.

### A. There Is No Likelihood Of Confusion.

Under the holistic analysis required, Mem. 20, no reasonable juror could find a likelihood of confusion based on Plaintiffs' evidence and inconsistent arguments.

---

[10] Plaintiffs suggest yet another standard allegedly applicable to "competing artistic titles." Opp. 17. Plaintiffs have no viable claims based on competing artistic titles. *Supra*, at 3-4.

[11] *Dr. Seuss* is not distinguishable because it involved a parody. Opp. 16 n.4. That fact did not affect the analysis. 983 F.3d at 462-63.

**UNREDACTED VERSION FILED PROVISIONALLY UNDER SEAL**

***Plaintiffs' mark is weak.*** Plaintiffs concede their Mark refers to their location

on the Florida-Alabama border. Opp. 21. That makes it straightforwardly

descriptive, not "arbitrary" or "suggestive." *Fla. Int'l Univ. Bd. of Trustees v. Fla.*

*Nat'l Univ.*, 830 F.3d 1242, 1256 (11th Cir. 2016) ("*FIU*") (defining suggestive

marks); Mem. 21. Geographically descriptive marks need not be terms on a map.

*HBP, Inc. v. Am. Marine Holdings, Inc.*, 290 F. Supp. 2d 1320, 1331 (M.D.Fla. 2003)

("Daytona" descriptive even though "[t]here is no city in Florida named 'Daytona'").

Plaintiffs' geography survey shows that people use "Flora-Bama," unprompted, to

refer to a geographic area, *confirming* the Mark's descriptive quality. Franklyn Mot.

5-7. And Plaintiffs' letters targeting third-party uses—successful or not—*confirm*

widespread geographic use of "Flora-Bama." Mem. 2. These third-party uses

demonstrate weakness because they describe those third parties' *locations*, not

whether they are "related business[es]." Opp. 23; *HBP*, 290 F. Supp. 2d at 1330-31;

*White v. Toscano, Inc.*, 2005 WL 8160219, at *4 (M.D.Fla. 2005) ("Tuscan" found

"extremely weak" due to extensive third-party use on variety of goods).[12]

Nor is there any triable issue of fact on commercial strength. Plaintiffs cite no

cases holding that anecdotal evidence like theirs, Opp. 22, can overcome the absence

of an awareness study and uniform expert testimony that only 1-2% of the national

---

[12] Descriptiveness and third-party use render even "incontestable" marks weak. *FIU*,
830 F.3d at 1257, 1260; *HBP*, 290 F. Supp. 2d at 1331-32.

**UNREDACTED VERSION FILED PROVISIONALLY UNDER SEAL**

population knows Plaintiffs. Mem. 21. Further, Plaintiffs concede this issue by arguing their Mark is *not well-known enough* for Defendants' expert's survey format. Simonson Mot. 14-15; *Wreal, LLC v. Amazon.com, Inc.*, 2019 WL 3890320, at *13 n.9 (S.D.Fla. 2019) (plaintiff conceded mark lacked commercial strength by arguing awareness of mark was too low to show confusion in survey).

Plaintiffs also argue that *Defendants'* commercial strength favors their reverse confusion theory. Opp. 23-24. But Florida courts have rejected that view and instead analyze only the strength of the *senior* user's mark in reverse confusion cases. *Invisasox, LLC v. Everything Legwear, LLC*, 2020 WL 6134336, at *4 (M.D.Fla. 2020). Plaintiffs are also too late to assert reverse confusion. Mem. 19-20. Plaintiffs mischaracterize both *Invisasox*, where the timing of the assertion of reverse confusion was unchallenged, *id.* at *4, and *Brady v. Grendene USA, Inc.*, 2014 WL 5783771, at *5 (S.D.Cal. 2014), where the plaintiff was *barred* from asserting reverse confusion based only on the complaint's allegations—not the evidentiary record.

***The marks are dissimilar.*** The only similarity between the marks is a common descriptive portmanteau of "Florida" and "Alabama." Mem. 23-24. Plaintiffs' exclusive focus on the marks' appearance in plain text (as in Google search results), improperly ignores differences in visual presentation. To the extent Defendants' title

9
**UNREDACTED VERSION FILED PROVISIONALLY UNDER SEAL**

has a dominant *trademark* element, it is "Shore," which is *not* generic for TV shows and instead undisputedly brands the Series as part of the *Jersey Shore* franchise.[13]

**The parties' dissimilar services, sales methods, customers, and advertising methods.** Plaintiffs' business is not video production or distribution. Their financial statements reflect no revenue from those activities. Albrecht Mot. Decl., Exs. 4-6. The videos on Plaintiffs' YouTube channel are promotional. Pls.' Ex. 50, 75:10-76:8. Plaintiffs' owner's conclusory statements that Defendants "polluted the TV space," Opp. 26, prove nothing because there is no evidence that Plaintiffs were about to create a television show. Mem. 25 n.11.

Further, Plaintiffs' online sales are unrelated to video production. That both parties generate sales "online," without more, is too vague to be relevant. *Kibler v. Hall*, 843 F.3d 1068, 1080 (6th Cir. 2016); *Parfums De Coeur, Ltd. v. Lazarus*, 83 U.S.P.Q.2d 1012 (T.T.A.B. 2007). Plaintiffs' sales occur on their website, whereas Defendants' revenue comes from streaming and download-to-own platforms. Mem. 25.

Plaintiffs also ignore the large age gap between their customers and Defendants' audience, Mem. 25, and instead cite an overbroad 18-54 demographic. Plaintiffs provide no evidence of a nationwide customer base to rebut their own

---

[13] This distinguishes *PlayNation Play Systems, Inc. v. Velex Corp.*, 924 F.3d 1159 (11th Cir. 2019), where "playset" and "gym" *were* generic terms.

**UNREDACTED VERSION FILED PROVISIONALLY UNDER SEAL**

Facebook data showing their local following. *Id.* Nor do Plaintiffs address their own survey's finding that the parties' customer bases barely overlap. *Id.*

Finally, though Plaintiffs claim Defendants targeted social media advertising to certain groups, they provide no evidence that Plaintiffs did the same. Opp. 27-28.

***Defendants' intent.*** "Mere knowledge of another's mark does not create an inference of intent to misappropriate." *Off Lease Only, Inc. v. Lakeland Motors, LLC*, 825 F. App'x 722, 730 (11th Cir. 2020). Here, Plaintiffs' Mark has a descriptive meaning *other* than referring to Plaintiffs. That Defendants had cast members read lines elaborating on the descriptive meaning of "Floribama" simply underscores Defendants' lack of intent.

Regarding reverse confusion, in-circuit precedent requires showing that Defendants intended, *through confusion*, to push Plaintiffs out of the market. *Uber Promotions, Inc. v. Uber Technologies, Inc.*, 162 F. Supp. 3d 1253, 1271 (N.D.Fla. 2016). Plaintiffs make no such showing.[14]

***Actual confusion.*** Plaintiffs *do not dispute* that misdirected communications, misspellings, and inquiries about the parties' relationship are not cognizable

---

[14] *Invisasox* involved forward *and* reverse confusion and did not determine the intent standard for reverse confusion. 2020 WL 6134336 at *4-5. *Marketquest Grp. v. BIC Corp.*, 862 F.3d 927, 934 (9th Cir. 2017) confirmed that "mere knowledge" of the plaintiff's mark does not show bad faith for reverse confusion. Neither of Plaintiffs' other cases involved a descriptive mark. Opp. 29.

**UNREDACTED VERSION FILED PROVISIONALLY UNDER SEAL**

evidence of actual confusion as a matter of law. Mem. 29-30. That concession is dispositive of much of Plaintiffs' evidence. Plaintiffs also ignore cases holding that ambiguous statements or social media posts are not probative of confusion absent the declarant's testimony. Mem. 30.[15]

To rehabilitate their claims, Plaintiffs rely on eight self-serving declarations from their owners and employees so vague and formulaic that they deserve minimal weight. *State Farm Mut. Auto. Ins. Co. v. B&A Diagnostic, Inc.*, 145 F. Supp. 3d 1154, 1158-59 (S.D.Fla. 2015) (conclusory and self-serving declarations "lack any probative value"). Further, they provide scant detail and do not name any purportedly confused person, making it impossible to verify any "confusion." Ultimately, anecdotes about bar-going bachelorette party attendees asking to meet Series cast members, Pls.' Ex. 93 ¶ 3, are not probative of confusion because it is impossible to know whether they were being serious. The incidents the declarations describe also represent a vanishingly small proportion of the one million customers Plaintiffs claim to entertain annually. Opp. 23; *Wreal*, 2019 WL 3890320, at *26

---

[15] Plaintiffs identify only two posts, Opp. 31, neither of which straightforwardly evidences confusion, distinguishing this case from those Plaintiffs cite. For example, in *You Fit, Inc. v. Pleasanton Fitness, LLC*, a Yelp post expressly stated the poster was "soo confused" and believed the defendant's gym was the plaintiff's. 2013 WL 521784, at *4 (M.D.Fla. 2013). Plaintiffs cite only *one* article, which dates from months before the Series was announced and is thus not probative of confusion generated by Defendants' use of the Series title in commerce.

**UNREDACTED VERSION FILED PROVISIONALLY UNDER SEAL**

(one tweet and one phone call out of 65,000 inquiries was *de minimis*).[16] Plaintiffs identify no example of a purchasing (or viewing) decision made based on misunderstanding the relationship between the parties.

## B. Plaintiffs' Other Claims Fail.

To prevail on their dilution claim, Plaintiffs must demonstrate that their Mark "is practically a household name." Mem. 31-32. Plaintiffs' cited evidence creates no triable issue of fact on this issue. Opp. 34-35. *It's a 10, Inc. v. Beauty Elite Group, Inc.*, 2013 WL 6834804, at *8 (S.D.Fla. 2013) (granting summary judgment even when party spent millions on advertising and had sales of over $50 million annually).[17]

Plaintiffs' *state law* unjust enrichment claim cannot be premised on alleged violations of the Lanham Act. Mem. 33. Plaintiffs argue that the "applicable law" here "is to the contrary," Opp. 35, but cite only a case decided "under federal law." *Monsanto Co. v. Campuzano*, 206 F. Supp. 2d 1252, 1266 (S.D.Fla. 2002).

---

[16] Plaintiffs cite *PlayNation* as holding that a single instance of customer confusion is sufficient, but that case had direct testimony from two confused consumers. 924 F.3d at 1167.

[17] A defendant's intent is irrelevant to whether a plaintiff's mark is sufficiently famous. Opp. 35. Plaintiffs rely on the portion of *PODS Enterprises, LLC v. U-Haul International, Inc.* analyzing the likelihood of dilution element of a claim, not the fame element. 126 F. Supp. 3d 1263, 1278 (M.D.Fla. 2015).

**UNREDACTED VERSION FILED PROVISIONALLY UNDER SEAL**

## III.   495 MUST BE DISMISSED.

Plaintiffs do not dispute the evidence establishing that ViacomCBS—not 495—had "final say" on the Series title. Thus, 495 is not directly liable. Mem. 33-34.

Plaintiffs claim that 495 is directly liable because it had contractual obligations to ViacomCBS to review episodes for certain legal issues. Opp. 33-34. But those obligations did not concern ViacomCBS' selection of the title. Pls.' Ex. 17 ¶ 12(a). Further, any obligations 495 owed to ViacomCBS have no bearing on 495's potential liability to *Plaintiffs*.

Finally, the law in this Circuit is that a claim pled as direct infringement does not encompass contributory infringement unless the complaint specifically alleges "contribution" to or "knowing participation" in direct trademark infringement. *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1246 (11th Cir. 2007). It is undisputed that Plaintiffs' Complaint lacks such allegations. Mem. 33.[18]

## CONCLUSION

Defendants' motion should be granted.

---

[18] Plaintiffs argue that they did not need to specifically allege contributory infringement, but cite only a single out-of-circuit district court opinion. Opp. 34 n.8. Of course, this Court is bound to follow Eleventh Circuit precedent.

**UNREDACTED VERSION FILED PROVISIONALLY UNDER SEAL**

Date:   June 1, 2021                     By:   /s/ Susan J. Kohlmann
                                               Susan J. Kohlmann (*Pro Hac Vice*)
                                               Alison I. Stein (*Pro Hac Vice*)
                                               Rémi J.D. Jaffré (*Pro Hac Vice*)
                                               Jacob L. Tracer (*Pro Hac Vice*)
                                               JENNER & BLOCK LLP
                                               919 Third Avenue, 38th Floor
                                               New York, NY 10022
                                               Tel:  (212) 891-1600
                                               Fax: (212) 891-1699
                                               skohlmann@jenner.com
                                               astein@jenner.com
                                               rjaffre@jenner.com
                                               jtracer@jenner.com

                                               Robert W. Pass (FL Bar #183169)
                                               CARLTON FIELDS, P.A.
                                               215 South Monroe Street, Suite 500
                                               Tallahassee, FL 32301
                                               Tel:  (850) 224-1585
                                               Fax: (850) 222-0398
                                               rpass@carltonfields.com

                                               *Counsel for Defendants*

**UNREDACTED VERSION FILED PROVISIONALLY UNDER SEAL**

## CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.1

Pursuant to N.D. Fla. Local Rule 7.1, I hereby certify that this Reply Memorandum of Law is in compliance with the Court's word limit. According to the word processing program used to prepare this memorandum, the total number of words in the memorandum, inclusive of headings, footnotes, and quotations, and exclusive of the case style, signature block, and any certificate of service is 3,196.

Date:   June 1, 2021

By:   /s/ Susan J. Kohlmann
     Susan J. Kohlmann (*Pro Hac Vice*)
     JENNER & BLOCK LLP
     919 Third Avenue, 38th Floor
     New York, NY 10022
     Tel:  (212) 891-1600
     Fax: (212) 891-1699
     skohlmann@jenner.com

**UNREDACTED VERSION FILED PROVISIONALLY UNDER SEAL**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 1, 2021, I filed the foregoing provisionally under seal and served electronic copies to all counsel of record pursuant to an agreement among the parties.

Date:   June 1, 2021                     By:   /s/ Susan J. Kohlmann

Susan J. Kohlmann (*Pro Hac Vice*)
JENNER & BLOCK LLP
919 Third Avenue, 38th Floor
New York, NY 10022
Tel:  (212) 891-1600
Fax: (212) 891-1699
skohlmann@jenner.com

**<u>UNREDACTED VERSION FILED PROVISIONALLY UNDER SEAL</u>**