UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CASE NO. 5:19-CV-00257-RH-MJF

MGFB PROPERTIES, INC., FLORA-BAMA MANAGEMENT, LLC, and FLORA-BAMA OLD S.A.L.T.S., INC.,

    Plaintiffs,

vs.

VIACOMCBS INC., 495 PRODUCTIONS HOLDINGS LLC, and 495 PRODUCTIONS SERVICES LLC,

    Defendants.

**DEFENDANTS' TRIAL BRIEF**

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................1

ARGUMENT .........................................................................................................2

    I.    DEFENDANTS' FIRST AMENDMENT DEFENSE ...................2

    II.    PLAINTIFFS' CLAIMS..................................................................4

        A.    Trademark Infringement and Unfair Competition Under Federal, State, and Common Law .............................4

        B.    Trademark Dilution Under State Law .................................5

        C.    Unjust Enrichment Under State Law ..................................7

    III.    TRIAL ISSUES .............................................................................7

        A.    495 Productions ...................................................................8

        B.    Plaintiffs' Proposed Expert Witnesses ................................9

        C.    Plaintiffs' Purported Actual Confusion Evidence ................9

    IV.    REMEDIES ....................................................................................9

        A.    Damages ............................................................................10

        B.    Injunctive Relief ...............................................................13

CONCLUSION ....................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*,
 522 F.3d 1200 (11th Cir. 2008) ................................................................... 13

*Babbit Electronics, Inc. v. Dynascan Corp.*,
 38 F.3d 1161 (11th Cir. 1994) ..................................................................... 11

*Bolger v. Youngs Drug Products Corp.*,
 463 U.S. 60 (1983) ......................................................................................... 5

*Brice Building Co. v. Lee*,
 2010 WL 11640032 (N.D. Fla. Apr. 13, 2010) ............................................. 7

*Daubert v. Merrell Dow Pharms., Inc.*,
 509 U.S. 579 (1993) ....................................................................................... 9

*Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*,
 921 F.3d 1343 (11th Cir. 2019) ............................................................. 10, 12

*IMX, Inc. v. E-Loan, Inc.*,
 748 F. Supp. 2d 1354 (S.D. Fla. 2010) ....................................................... 12

*Inwood Labs. Inc. v. Ives Labs., Inc.*,
 465 U.S. 844 (1982) ....................................................................................... 8

*Mini Maid Services Co. v. Maid Brigade Systems, Inc.*,
 967 F.3d 1516 (11th Cir. 1992) ..................................................................... 8

*MPS Ent., LLC v. Abercrombie & Fitch Stores, Inc.*,
 2013 WL 3288039 (S.D. Fla. June 28, 2013) ............................................... 6

*Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*,
 496 F.3d 1231 (11th Cir. 2007) ............................................................... 8, 11

*PlayNation Play Systems, Inc. v. Velex Corp.*,
 924 F.3d 1159 (11th Cir. 2019) ................................................................... 10

*REVIV IP LLC v. Revive Health & Wellness Stuart LLC*,
 2021 WL 2312870 (S.D. Fla. June 7, 2021) ............................................... 12

*Rogers v. Grimaldi*,
   875 F.2d 994 (2d Cir. 1989) ..............................................................................2

*RooR v. Wellington Elite Trading, Inc.*,
   2017 WL 5953291 (S.D. Fla. May 31, 2017)....................................................12

*Univ. of Ala. Bd. of Trustees v. New Life Art, Inc.*,
   683 F.3d 1266 (11th Cir. 2012) .....................................................................3, 4

*Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*,
   898 F.3d 1279 (11th Cir. 2018) .........................................................................5

**Statutes**

15 U.S.C. § 1117(a) ................................................................................................10

Fla. Stat. § 495.151 ..................................................................................................6

Pursuant to the Court's Order for Pretrial Conference (Dkt. 52), Defendants ViacomCBS Inc., 495 Productions Holdings, LLC, and 495 Productions Services LLC (collectively, "Defendants") submit the following trial brief:

## INTRODUCTION

Plaintiffs MGFB Properties, Inc., Flora-Bama Management, LLC, and Flora-Bama Old S.A.L.T.S., Inc. (collectively, "Plaintiffs") own and operate the Flora-Bama Lounge, Package, and Oyster Bar and other related establishments doing business under the "Flora-Bama" name (collectively, the "Flora-Bama Establishments").  Defendants collectively develop, produce, and distribute *MTV Floribama Shore*, a reality television series that documents the lives of a group of 20-somethings who participate in Southern beach culture along the Gulf of Mexico coastline stretching from the Florida panhandle to Alabama.  Based on Plaintiffs' use of the word "Flora-Bama" in the names of their businesses and Defendants' use of the word "Floribama" in the title of their television series, Plaintiffs initiated this action alleging trademark infringement, unfair competition, and related claims.

The vast majority of the disputed issues of law have already been or soon will be briefed to the Court in Defendants' motion for summary judgment, the parties' various *Daubert* motions, and the parties' forthcoming motions *in limine*.  To avoid burdening the Court with duplicative briefing, Defendants rely on their other filings where applicable to articulate their legal arguments in full.  This submission is

intended to guide the Court through the disputed issues of law in preparation for trial.

## ARGUMENT

### I. DEFENDANTS' FIRST AMENDMENT DEFENSE

Defendants are entitled to summary judgment as a matter of law on their defense that the First Amendment—as applied in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989) and its progeny—precludes all of Plaintiffs' claims. *See* Defs.' SJ Mem. at 6-18; Defs.' SJ Reply at 1-7. Summary judgment is particularly appropriate on this ground. Indeed, Defendants are not aware of a single trial held on the *Rogers* test in the 30-plus years since *Rogers* itself was decided.

Thus, if summary judgment is denied and this case proceeds to trial, Defendants believe that this Court will be the first to instruct a jury on this issue. If that occurs, the following principles should guide the Court in drafting those instructions.

First, Defendants have the burden of proving that their alleged use of Plaintiffs' mark in the title of their show was part of an expressive work. Here, there is no dispute that *MTV Floribama Shore* and its theme song are expressive, as Plaintiffs conceded the issue by not addressing it at summary judgment. *See* Defs.' SJ Mem. at 7-8; Defs.' SJ Reply at 1. Defendants' alleged use of Plaintiffs' mark in connection with advertising and merchandising materials incorporating the title

2

*MTV Floribama Shore* is also expressive as a matter of law. *See* Defs.' SJ Mem. at 8 (citing *Twentieth Century Fox Television v. Empire Distribution, Inc.*, 875 F.3d 1192, 1196-97 (9th Cir. 2017)); Defs' SJ Reply at 2 (same). Thus, Defendants should be entitled to an instruction that informs the jury this issue has already been resolved in Defendants' favor.

Second, Plaintiffs next have the burden of proving that one of the two exceptions to the *Rogers* test applies. *See* Defs.' SJ Mem. at 8-9 (citing *VIP Products LLC v. Jack Daniel's Properties, Inc.*, 953 F.3d 1170, 1174 (9th Cir. 2020)).[1] Plaintiffs must prove either that (1) Defendants' alleged use of their mark "has no artistic relevance to the underlying work whatsoever" or that (2) it "explicitly misleads as to the source or content of the work." *Univ. of Ala. Bd. of Trustees v. New Life Art, Inc.*, 683 F.3d 1266, 1278 (11th Cir. 2012). The "artistic relevance" prong requires only that the relationship between the use of a mark and the work be "above zero," meaning that Plaintiffs can meet this exception only if they prove by a preponderance of the evidence that there is *no connection at all* between the title of Defendant' show and the content of the show. Defs.' SJ Mem. at 9 (quoting *E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1100 (9th Cir. 2008));

---

[1] While Plaintiffs have argued that a third exception to *Rogers* addresses allegedly confusingly similar titles, no such exception exists and, in any event, it does not apply to the facts of this case. *See* Defs.' SJ Mem. at 13-16; Defs.' SJ Reply at 3-4.

3

*see also* Defs.' SJ Reply at 4-5.  To establish that the title of Defendants' television show is explicitly misleading, Plaintiffs must prove by a preponderance of the evidence that the title of Defendants' show contains an explicit or "overt" statement that Defendants' show is "endorsed or sponsored" by Plaintiffs.  *Univ. of Ala.*, 683 F.3d at 1279 (quotation marks omitted); *see also* Defs.' SJ Mem. at 11-12; Defs' SJ Reply at 6-7.

It is undisputed that if Defendants prevail on the *Rogers* test at summary judgment, all of Plaintiffs' claims are precluded as a matter of law and the case does not proceed to trial.

## II. PLAINTIFFS' CLAIMS

Plaintiffs allege eight claims: six for trademark infringement or unfair competition under the Lanham Act, Florida law, or common law; one for trademark dilution under Florida law; and one for unjust enrichment under Florida law.  *See* Compl. ¶¶ 87-139.  Each is addressed below.

### A. Trademark Infringement and Unfair Competition Under Federal, State, and Common Law

For the reasons stated in Defendants' summary judgment filings, there is no triable issue of fact regarding Plaintiffs' six trademark infringement or unfair

4

competition claims and Defendants are entitled to summary judgment as a matter of law. *See* Defs.' SJ Mem. at 20-31; Defs.' SJ Reply at 7-13.[2]

If these claims nevertheless proceed to trial, it is undisputed that the jury should be instructed that the claims should all be analyzed by applying the well-known, seven-factor "likelihood of confusion" test. *See* Defs.' SJ Mem. at 20; Pls.' SJ Opp. at 20-21. The factors in that test must be applied "holistically" by the jury. *Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*, 898 F.3d 1279, 1289 (11th Cir. 2018). As set forth in Defendants' summary judgment briefing, there is no triable issue of fact regarding likelihood of confusion under these factors. *See* Defs.' SJ Mem. at 18-31; Defs.' SJ Reply at 7-13.

**B. Trademark Dilution Under State Law**

In their motion for summary judgment, Defendants cited authorities holding that to be viable as a matter of law, a dilution claim applies "only to purely commercial speech." Defs.' SJ Mem. at 17 (quoting *Smith v. Wal-Mart Stores, Inc.*, 537 F. Supp. 2d 1302, 1339 (N.D. Ga. 2008)); *see also Bolger v. Youngs Drug*

---

[2] If the case proceeds to trial, the parties dispute the legal question of whether and how the jury should be instructed regarding Plaintiffs' "reverse confusion" theory of liability. Defendants contend that no jury instruction is warranted on this theory because Plaintiffs waived it by raising it for the first time after the close of fact discovery. *See* Defs.' SJ Mem. at 19-20; Defs.' SJ Reply at 9. If the Court nevertheless elects to instruct the jury on this theory, it should follow the rule established by other Florida courts that the jury should consider the commercial strength of only the *senior* user's (*i.e.*, Plaintiffs') mark, not the junior user's (*i.e.*, Defendants'). *See* Defs.' SJ Reply at 9.

*Products Corp.*, 463 U.S. 60, 66 (1983).  Here, it is undisputed that Defendants' speech at issue is a television series and thus not purely commercial.  Accordingly, Defendants' are entitled to summary judgment as a matter of law on this claim.  *See* Defs.' SJ Mem. at 16-17.

Defendants further contend that summary judgment is independently warranted on this claim because there is no triable issue of fact regarding whether Plaintiffs' mark is famous in the state of Florida.  *See id.* at 31-32; Defs.' SJ Reply at 13.  That is an essential element of Plaintiffs' dilution claim.  *See id.*

If the Court instructs the jury on Plaintiffs' dilution claim, the parties agree that it is governed by Fla. Stat. § 495.151.  *See* Defs.' SJ Mem. at 31; Pls.' SJ Opp. at 34.  To prevail on such a claim, Plaintiffs must prove that (1) their mark is famous in the state of Florida; (2) Defendants used Plaintiffs' mark after it became famous; (3) Defendants' use was commercial and in commerce; (4) Defendants' use has likely caused dilution; and (5) Defendants' use decreases the commercial value of Plaintiffs' trademark in Florida.  *See MPS Ent., LLC v. Abercrombie & Fitch Stores, Inc.*, 2013 WL 3288039, at *15 (S.D. Fla. June 28, 2013) (citing *Freedom Sav. & Loan Ass'n v. Way*, 757 F.2d 1176, 1186 (11th Cir. 1985)).  Plaintiffs offered no proof that their mark is famous in Florida, nor have they shown that Defendants' use decreased the commercial value of their mark in Florida.  *See infra*, at 11-12.

6

### C. Unjust Enrichment Under State Law

Plaintiffs brought their unjust enrichment claim under Florida state law. *See* Compl. ¶¶ 135-39. To prevail on this claim, Plaintiffs must prove that (1) they conferred a benefit on Defendants; (2) Defendants voluntarily accepted the benefit; and (3) the circumstances are such that it would be inequitable for Defendants to retain the benefit without paying for it. *See Brice Building Co. v. Lee*, 2010 WL 11640032, at *2 (N.D. Fla. Apr. 13, 2010).

The parties dispute whether such a claim can be premised on the unauthorized use of a trademark as a matter of law. In their motion for summary judgment, Defendants cited an authority holding that in that circumstance, no benefit is "conferred." Defs.' SJ Mem. at 33 (citing *Pellegrino v. Epic Games, Inc.*, 451 F. Supp. 3d 373, 382 (E.D. Pa. 2020)). While Plaintiffs claimed the applicable law here is to the contrary, the only case they cited was expressly decided under federal law, not state law. *See* Defs.' SJ Reply at 13. Thus, Plaintiffs have not cited any authority addressing or casting any doubt on Defendants' statement of the law.

### III. TRIAL ISSUES

Even if some of Plaintiffs' claims proceed to trial, the Court should narrow the trial's scope in three significant ways.[3]

---

[3] Defendants reserve the right to seek additional relief before trial through motions *in limine*, including with regard to issues not addressed in this trial brief. For example, today—the day the parties' exhibit lists and other pretrial submissions were

7

**A. 495 Productions**

495 Productions must be dismissed from the case as a matter of law. *See* Defs.' SJ Mem. at 33-34; Defs.' SJ Reply at 14. It is undisputed that Plaintiffs' Complaint alleges only that all Defendants are *directly* liable for the infringement alleged. *See* Compl. ¶¶ 89, 97, 104, 111, 116, 126, 133, 137. However, direct liability is limited only to those "who actually mislabel goods with the mark of another." *Inwood Labs. Inc. v. Ives Labs., Inc.*, 465 U.S. 844, 853 (1982); *see also Mini Maid Services Co. v. Maid Brigade Systems, Inc.*, 967 F.3d 1516, 1522 (11th Cir. 1992) (direct liability limited to "those entities that actually perform the acts of infringement"). There is no dispute that ViacomCBS—not 495 Productions—named the series. *See* Defs.' SJ Mem. at 34; Defs.' SJ Reply at 14.

In opposing Defendants' motion for summary judgment, Plaintiffs argued for the first time in this litigation that 495 Productions could be contributorily liable instead. *See* Pls.' SJ Opp. at 34. But Eleventh Circuit law precludes contributory liability claims unless the complaint specifically alleges a "contribution" to or "knowing participation" in direct trademark infringement. *Optimum Techs., Inc. v.*

---

due to be filed—Plaintiffs disclosed for the first time their intention to call two witnesses at trial who were neither included in Plaintiffs' initial disclosures under Rule 26(a) nor otherwise disclosed during discovery. Defendants anticipate filing a motion *in limine* to exclude their testimony.

8

*Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1246 (11th Cir. 2007). Plaintiffs' Complaint lacks any such allegations.

Thus, 495 Productions should be dismissed and the Court should instruct the jury only with regard to direct liability.

### B. Plaintiffs' Proposed Expert Witnesses

Three of Plaintiffs' proposed expert witnesses—Michael Albrecht, David Franklyn, and Jason McDonald—should be precluded from testifying pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). To explain why, Defendants rely on their *Daubert* motion papers. *See* Defs.' Albrecht Mem.; Defs.' Franklyn Mem.; Defs.' Franklyn Reply; Defs.' McDonald Mem.; Defs.' McDonald Reply.

### C. Plaintiffs' Purported Actual Confusion Evidence

The vast majority, if not all, of Plaintiffs' evidence purportedly showing actual confusion should be excluded from trial. Indeed, courts have rejected every type of such evidence that Plaintiffs have produced in this case. *See* Defs.' SJ Mem. at 29-30; Defs.' SJ Reply at 11-13. Defendants will elaborate on this issue in their forthcoming motions *in limine*.

## IV. REMEDIES

Plaintiffs seek both monetary and injunctive relief. However, to the extent any of Plaintiffs' claims survive summary judgment, the remedies available to Plaintiffs should be narrowed as a matter of law.

### A. Damages

The Lanham Act authorizes a plaintiff to seek "defendant's profits" and "any damages sustained by the plaintiff" as remedies for trademark infringement. 15 U.S.C. § 1117(a). Plaintiffs seek both.

#### 1. Defendants' Profits

Plaintiffs' claim for disgorgement of Defendants' profits should be reserved for the Court to resolve, not submitted to the jury. Under Eleventh Circuit law, the "disgorgement of a defendant's profits in a trademark infringement case is equitable in nature and does not carry with it a right to a jury trial." *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1359 (11th Cir. 2019). Thus, in the event that the jury finds any Defendant liable and Plaintiffs seek to disgorge any profits from that Defendant, the Court should then entertain briefing and arguments regarding whether such a remedy is consistent with the relevant principles of equity. *See PlayNation Play Systems, Inc. v. Velex Corp.*, 924 F.3d 1159, 1170 (11th Cir. 2019) (disgorgement of profits "appropriate where: (1) the defendant's conduct was willful and deliberate, (2) the defendant was unjustly enriched, or (3) it is necessary to deter future conduct").[4]

---

[4] It is beyond dispute that ViacomCBS has no profits directly attributable to *MTV Floribama Shore*. Thus, this issue could potentially arise only with regard to 495 Productions. However, for independent reasons stated elsewhere, 495 Productions should be dismissed from this action. *See supra*, at 7-8.

10

### 2. *Actual Damages*

Plaintiffs also seek to collect actual damages in the form of a prospective corrective advertising award (ostensibly to correct for any actual confusion in the public) and a reasonable royalty.

As Defendants will explain in full in a forthcoming motion *in limine*, Plaintiffs should be precluded from presenting their theories of actual damages to a jury because they have not proven (or even attempted to demonstrate) that they "suffered actual damages" in the form of financial harm or "lost sales" caused by Defendants' conduct. *Babbit Electronics, Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1182 (11th Cir. 1994); *see also Optimum Techs.*, 496 F.3d at 1252 (requiring trademark plaintiff seeking actual damages to prove that defendant's conduct "proximately caused it to suffer monetary damages"). There is no evidence that Plaintiffs lost any sales as a result of *MTV Floribama Shore*. To the contrary, Plaintiffs' financial records confirm that during the time period after *MTV Floribama Shore* premiered and before the unrelated economic impact caused by the coronavirus pandemic, Plaintiffs' revenues and profits have *increased*. For that reason, none of Plaintiffs' fact or expert witnesses has identified any lost sales or other financial harm Plaintiffs experienced as a result of Defendants' conduct. Without any evidence of lost sales

11

caused by Defendants, Plaintiffs should be precluded from seeking actual damages as a matter of law.[5]

Even if Plaintiffs are permitted to submit their actual damages claims to the jury, Plaintiffs' request for a corrective advertising award should be narrowed for several reasons that will be set forth in a forthcoming motion *in limine*, including the fact that any prospective corrective advertising award must be tied to Plaintiffs' customer base and to the need to correct confusion, which can exist only among consumers who are aware of Plaintiffs. In addition, the request must be narrowed because Plaintiffs failed to mitigate their damages. Florida courts permit defendants in intellectual property cases to assert the failure to mitigate damages as an affirmative defense to compensatory damages claims. *See RooR v. Wellington Elite Trading, Inc.*, 2017 WL 5953291, at *2-3 (S.D. Fla. May 31, 2017) (denying motion to strike affirmative defense of failure to mitigate damages in trademark action); *cf. IMX, Inc. v. E-Loan, Inc.*, 748 F. Supp. 2d 1354, 1361 (S.D. Fla. 2010) (holding it was "entirely appropriate" for patent defendant to allege defense of failure to

---

[5] If the Court agrees and grants Defendants' forthcoming motion *in limine* on this subject, the only damages claim remaining will be for the disgorgement of profits and this case should be converted from a jury trial to a bench trial. *See Hard Candy*, 921 F.3d at 1359; *REVIV IP LLC v. Revive Health & Wellness Stuart LLC*, 2021 WL 2312870, at *1 (S.D. Fla. June 7, 2021) (applying *Hard Candy* and striking jury demand when claim for actual damages was dropped from case and all remaining relief was equitable in nature).

12

mitigate damages so as to determine "what amount of compensation is appropriate"). Defendants alleged this defense when answering Plaintiffs' Complaint. *See* Dkt. 41 (Fifteenth Defense), Dkt. 42 (same), Dkt. 43 (same). Thus, Defendants are entitled to a jury instruction on this issue.

### B. Injunctive Relief

To be entitled to permanent injunctive relief, a plaintiff must demonstrate to the Court's satisfaction that "(1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction." *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008). An injunction is an equitable remedy that, like the disgorgement of Defendants' profits, should be considered by the Court only after any Defendant is found liable by the finder of fact.

## CONCLUSION

The Court should grant Defendants' motion for summary judgment and this case should not proceed to trial. In the event the Court denies Defendants' motion, the trial should be conducted consistently with the arguments above.

Date:  June 21, 2021         By:    /s/ Susan J. Kohlmann
                                    Susan J. Kohlmann (*Pro Hac Vice*)
                                    Alison I. Stein (*Pro Hac Vice*)
                                    Rémi J.D. Jaffré (*Pro Hac Vice*)
                                    Jacob L. Tracer (*Pro Hac Vice*)
                                    JENNER & BLOCK LLP
                                    919 Third Avenue, 38th Floor
                                    New York, NY 10022
                                    Tel:  (212) 891-1600
                                    Fax: (212) 891-1699
                                    skohlmann@jenner.com
                                    astein@jenner.com
                                    rjaffre@jenner.com
                                    jtracer@jenner.com

                                    Robert W. Pass (FL Bar #183169)
                                    Christine R. Davis (FL Bar #569372)
                                    CARLTON FIELDS, P.A.
                                    215 South Monroe Street, Suite 500
                                    Tallahassee, FL 32301
                                    Tel:  (850) 224-1585
                                    Fax: (850) 222-0398
                                    rpass@carltonfields.com

                                    *Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.1

Pursuant to N.D. Fla. Local Rule 7.1, I hereby certify that this Trial Brief is in compliance with the Court's word limit. According to the word processing program used to prepare this motion, the total number of words in the motion, inclusive of headings, footnotes, and quotations, and exclusive of the case style, signature block, and any certificate of service is 3,054.

Date:   June 21, 2021       By:   /s/ Susan J. Kohlmann
                                  Susan J. Kohlmann (*Pro Hac Vice*)
                                  JENNER & BLOCK LLP
                                  919 Third Avenue, 38th Floor
                                  New York, NY 10022
                                  Tel:  (212) 891-1600
                                  Fax: (212) 891-1699
                                  skohlmann@jenner.com

## CERTIFICATE OF SERVICE

I certify that on June 21, 2021, I filed the foregoing using the CM/ECF system, which will send notification to all counsel of record.

Date:   June 21, 2021       By:   /s/ Susan J. Kohlmann
                                  Susan J. Kohlmann (*Pro Hac Vice*)
                                  JENNER & BLOCK LLP
                                  919 Third Avenue, 38th Floor
                                  New York, NY 10022
                                  Tel:  (212) 891-1600
                                  Fax: (212) 891-1699
                                  skohlmann@jenner.com