UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CASE NO. 5:19-CV-00257-RH-MJF

MGFB PROPERTIES, INC., FLORA-BAMA MANAGEMENT, LLC, and FLORA-BAMA OLD S.A.L.T.S., INC.,

    Plaintiffs,

vs.

VIACOMCBS INC., 495 PRODUCTIONS HOLDINGS LLC, and 495 PRODUCTIONS SERVICES LLC,

    Defendants.

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF JOANIE FLYNN AND STEVE HAYES

Defendants ViacomCBS Inc., 495 Productions Holdings LLC, and 495 Productions Services LLC (collectively, "Defendants") move this Court for an order excluding Joanie Flynn and Steve Hayes from testifying at trial. These potential witnesses were not designated until June 21, 2021, just a handful of weeks before trial and over six months past the fact-discovery deadline. (*See* Order Amending the Schedule, Doc. 71). MGFB Properties, Inc., Flora-Bama Management, LLC, and Flora-Bama Old S.A.L.T.S., Inc. (collectively, "Plaintiffs") did not list these witnesses in their initial Rule 26(a) disclosures, nor were they otherwise disclosed

before the fact-discovery deadline of December 4, 2020. The law is clear that they should not be permitted to testify. If they are allowed to testify, their late designation will unduly prejudice Defendants.

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires parties to disclose the name of "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." *See Davis v. Green*, 1:12-CV-3549-WSD, 2015 WL 3604891, at *1 (N.D. Ga. June 8, 2015) (citing Fed. R. Civ. P. 26(a)(l)(A)(i)). Parties also must provide the subjects of the information "that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Finally, the rule requires the parties to supplement their Rule 26 disclosures in a timely manner when the party learns the disclosure is incomplete or additional information has not otherwise been made known to the other parties. Fed. R. Civ. P. 26(e).

Here, Plaintiffs did not include either Flynn or Hayes in their initial disclosures in any manner, including as individuals "likely to have discoverable information that the disclosing party may use to support its claims or defenses." As this Court knows, the fact-discovery deadline in this case was extended several times over the course of litigation. Nevertheless, Plaintiffs did not supplement their disclosures to identify Flynn and Hayes as potential fact witnesses before the

December 4, 2020 deadline for fact discovery. Plaintiffs instead identified Flynn and Hayes as fact witnesses for the first time on the day they submitted their trial witness list (June 21, 2021), long after the discovery deadline had passed and notwithstanding the fact that the parties had been meeting and conferring about witness issues for weeks prior to submission of the trial witness list.[1] And even then, Plaintiffs did not explain "the subjects of th[e] information" that Flynn and Hayes may have that Plaintiffs "may use to support [their] claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i).

As set forth in Federal Rule of Civil Procedure 37(c)(1), "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Even where "disclosures compl[y] with the general default deadlines embodied in the Federal Rule," it is "irrelevant [if] the disclosures did not comply with the trial court's unambiguous deadlines." *Knight through Kerr v. Miami-Dade Cty.*, 856 F.3d 795, 812 (11th Cir. 2017).

---

[1] Plaintiffs may point to the fact that they attached a declaration from Joanie Flynn in support of their opposition to Defendants' motion for summary judgment. That, of course, does not have any bearing on their obligation to specifically identify fact witnesses. In fact, if that were all that is required, any person identified on any document during discovery would be fair game as a fact witness at trial, and that plainly is not the law.

3

Accordingly, the Court should exclude Plaintiffs' late-disclosed witnesses from testifying at trial. Defendants have no notice of the topics to which these witnesses will testify, much less any reason to believe their testimony would be admissible or have any relevance to proving Plaintiffs' claims. *See Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1323 (11th Cir.2008) (testimony from late-disclosed witness properly excluded, particularly when much of the testimony would be inadmissible).

Notably, upon conferring with Plaintiffs' counsel about these late-disclosed witnesses, Plaintiffs' counsel advised that they were willing to offer the witnesses for deposition ahead of trial. That, of course, does not remedy the fact that Plaintiffs wholly failed to comply with the disclosure deadline as the rules plainly require them to do (which alone requires their exclusion), nor does it alleviate the prejudice resulting to Defendants from Plaintiffs' addition of these late-disclosed witnesses, which far outweighs any tangential purpose their testimony could serve.

This trial is now just over three weeks away. Plaintiffs have already taken a scorched-earth approach of designating more than 900 exhibits, 10 live witnesses, and 8 witnesses by deposition designation. It is entirely unreasonable to expect Defendants to interrupt their trial preparation schedule to conduct additional discovery with respect to late-disclosed witnesses whose bearing on any of the issues to be decided by the jury is currently unknown. Moreover, even in the unlikely event

that the witnesses could provide any testimony that would be admissible or relevant to any of Plaintiffs' claims, Defendants would have no opportunity to present their own witnesses or testimony to rebut this new evidence. Nor does the law require Defendants to do so. That is the purpose of Rule 26. There is no circumstance under which it could be said that the failure to disclose these witnesses was harmless. *See* Fed. R. Civ. P. 37(c)(1).

WHEREFORE Defendants respectfully move this Court for an order in limine excluding Joanie Flynn and Steve Hayes from testifying at trial.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(C)

Pursuant to Local Rule 7.1, the undersigned hereby certifies that counsel for Defendants has conferred with Plaintiffs' counsel regarding the parties' motions *in limine*, and that the parties agree such motions require resolution by the Court.

Date:   July 1, 2021                    By:    /s/ Susan J. Kohlmann
                                               Susan J. Kohlmann (*Pro Hac Vice*)
                                               Alison I. Stein (*Pro Hac Vice*)
                                               Rémi J.D. Jaffré (*Pro Hac Vice*)
                                               Jacob L. Tracer (*Pro Hac Vice*)
                                               JENNER & BLOCK LLP
                                               919 Third Avenue, 38th Floor
                                               New York, NY 10022
                                               Tel:  (212) 891-1600
                                               Fax: (212) 891-1699
                                               skohlmann@jenner.com
                                               astein@jenner.com
                                               rjaffre@jenner.com
                                               jtracer@jenner.com

                                               Robert W. Pass (FL Bar #183169)
                                               Christine R. Davis (FL Bar #569372)
                                               CARLTON FIELDS, P.A.
                                               215 South Monroe Street, Suite 500
                                               Tallahassee, FL 32301
                                               Tel:  (850) 224-1585
                                               Fax: (850) 222-0398
                                               rpass@carltonfields.com

                                               *Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.1

Pursuant to N.D. Fla. Local Rule 7.1, I hereby certify that this motion is in compliance with the Court's word limit. According to the word processing program used to prepare this motion, the total number of words in the motion, inclusive of headings, footnotes, and quotations, and exclusive of the case style, signature block, and any certificate of service is 935.

Date: July 1, 2021        By: /s/ Susan J. Kohlmann
                              Susan J. Kohlmann (*Pro Hac Vice*)
                              JENNER & BLOCK LLP
                              919 Third Avenue, 38th Floor
                              New York, NY 10022
                              Tel: (212) 891-1600
                              Fax: (212) 891-1699
                              skohlmann@jenner.com

## CERTIFICATE OF SERVICE

I certify that on July 1, 2021, I filed the foregoing using the CM/ECF system, which will send notification to all counsel of record.

Date: July 1, 2021        By: /s/ Susan J. Kohlmann
                              Susan J. Kohlmann (*Pro Hac Vice*)
                              JENNER & BLOCK LLP
                              919 Third Avenue, 38th Floor
                              New York, NY 10022
                              Tel: (212) 891-1600
                              Fax: (212) 891-1699
                              skohlmann@jenner.com