UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CASE NO. 5:19-CV-00257-RH-MJF

MGFB PROPERTIES, INC., FLORA-BAMA MANAGEMENT, LLC, and FLORA-BAMA OLD S.A.L.T.S., INC.,

    Plaintiffs,

vs.

VIACOMCBS INC., 495 PRODUCTIONS HOLDINGS LLC, and 495 PRODUCTIONS SERVICES LLC,

    Defendants.

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE ANY EVIDENCE OR ARGUMENT REGARDING THE CONTENT OF DEFENDANTS' PRIVILEGED COMMUNICATIONS

Defendants, ViacomCBS Inc., 495 Productions Holdings LLC, and 495 Productions Services LLC (collectively, "Defendants")[1] move the Court for an order precluding Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses (collectively, "Plaintiffs") from offering any evidence, testimony, reference, or argument at trial relating to inferences that Plaintiffs claim can be drawn from the content of any of Defendants' privileged communications or the propriety of Defendants' privilege

---

[1] Where relevant, ViacomCBS Inc. will be referred to as "ViacomCBS" and 495 Productions Holdings LLC and 495 Productions Services LLC will together be referred to as "495 Productions."

designations. Adverse inferences from invocation of privilege are impermissible under the law. An in limine ruling on this issue will minimize or eliminate the prejudicial impact of improper evidence and argument and promote the interests of judicial economy and trial efficiency. In support of the Motion, Defendants state as follows.

This Court has the authority to grant motions in limine that exclude inadmissible evidence, as well as any and all references by the parties, attorneys, and witnesses to the inadmissible evidence. *See Luce v. United States*, 469 U.S. 38, 41 (1984); *see also Owner-Operator Indep. Drivers Ass'n, Inc. v. Landstar Sys., Inc.*, 622 F.3d 1307, 1314 (11th Cir. 2010). The Court may use this authority to prevent the jury from being exposed to irrelevant, prejudicial, and confusing evidence. *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988).

Based on deposition designations that Plaintiffs have submitted to the Court, Defendants anticipate that during trial, Plaintiffs will attempt to introduce, examine witnesses about, or otherwise reference Defendants' invocation of the attorney-client privilege. Defendants can only surmise that Plaintiffs will use this designated testimony and related materials to speculate about the content of privileged communications or argue that Defendants invoked the attorney-client privilege improperly. By way of example, Plaintiffs have designated several pages of deposition testimony from Jackie French, the executive producer of *MTV Floribama*

*Shore*, in which Plaintiffs' counsel questioned Ms. French about various people appearing on Defendants' privilege log and asked her to confirm that they are not attorneys. Pls.' SJ Ex. 1 (Dep. of J. French) at 99:22-101:11, 102:3-103:5, 104:2-20, 105:5-12. From the same deposition, Plaintiffs have also designated nearly a page of attorney colloquy in which Defendants' counsel instructed Ms. French not to answer a question on the basis of privilege. *Id.* at 36:11-37:3.[2]

The only conceivable reason for Plaintiffs to designate this testimony is to argue that the jury should infer that the privileged material is harmful to Defendants and that Defendants asserted privilege improperly to shield that material. However, the law prohibits parties from attempting to draw adverse inferences based on a party's invocation of the attorney-client privilege. *See Knorr-Bremse*, *Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004) (en banc); *see also Nabisco, Inc. v. PF Brands, Inc.*, 191 F.3d 208, 225–26 (2d Cir. 1999), *abrogated on other grounds by Moseley v. V Secret Catalogue, Inc.*, 537 U.S. 418 (2003) ("[W]e know of no precedent supporting such an inference based on the invocation of the attorney-client privilege. This privilege is designed to encourage persons to seek legal advice, and lawyers to give candid advice, all without adverse

---

[2] In addition to the testimony cited above, Plaintiffs have designated the following testimony that touches on Defendants' invocation of the attorney-client privilege: Pls.' SJ Ex. 1 (Dep. of J. French) at 106:12-15, 269:10-270:6, 296:21-297:13, 298:9-13, 299:5-301:2, 307:3-11.

3

effect"); *In re Tudor Associates, Ltd., II,* 20 F.3d 115, 120 (4th Cir. 1994) (same); *Utica Mut. Ins. Co. v. Fireman's Fund Ins. Co.*, 238 F. Supp. 3d 314, 339 (N.D.N.Y. 2017) (same); *Galderma Labs., LP v. Paddock Labs., Inc.*, No. 4:09-CV-002-Y, 2011 WL 1119700, at *4 (N.D. Tex. Mar. 28, 2011) (same).

Indeed, as the court in *Nabisco* explained: "[i]f refusal to produce an attorney's opinion letter based on claim of the privilege supported an adverse inference, persons would be discouraged from seeking opinions, or lawyers would be discouraged from giving honest opinions. Such a penalty for invocation of the privilege would have seriously harmful consequences." 191 F.3d at 226; *see also In re Anthony*, 8:13-AP-00629-RCT, 2019 WL 10734097, at *12 (Bankr. M.D. Fla. Feb. 28, 2019) (no legal basis for an adverse inference against a party asserting attorney-client privilege).

These cases apply here. Allowing Plaintiffs to speculate on the content of any privileged documents or cast doubt on Defendants' assertion of the attorney-client privilege would directly conflict with the foundational policies surrounding the attorney-client relationship and would cause undue prejudice to Defendants. *See Knorr-Bremse*, 383 F.3d at 1344-45.

Moreover, the time for Plaintiffs to challenge the validity of any claim of privilege that Defendants made has long since passed. Defendants served their initial privilege log on March 6, 2020 and a more detailed privilege log on August 14, 2020,

and fact discovery closed on December 18, 2020.³ Had Plaintiffs wanted to assert that any privilege claim made by Defendants was improper, they had ample time to raise that issue and seek judicial resolution. But Plaintiffs never challenged any privilege assertion.

WHEREFORE, Defendants respectfully move this Court for an order in limine precluding Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses from offering any evidence, testimony, or argument relating to Defendants' privilege logs at trial.

---

[3] A draft version of Plaintiffs' trial exhibit list included Defendants' privilege log as a potential exhibit. However, Plaintiffs removed it from their final exhibit list. Defendants presume that means Plaintiffs do not intend to try to introduce the privilege log as an exhibit at trial. However, in the event Plaintiffs reverse course again, Defendants will move to preclude Plaintiffs from using their privilege log at trial. Privilege logs are a tool to facilitate discovery. They are not evidence. Accordingly, they are inadmissible to prove the contents of any communications or documents identified therein. *See* Fed. R. Evid. 801(c); *Strange v. Les Schwab Tire Centers of Or., Inc.,* No. C06-045 RSM, 2009 WL 2987400, at *1 (W.D. Wash. Sept. 14, 2009) (granting defendant's motion in limine as to privilege log); *Old Republic Ins. Co. v. Ness, Motley, Loadholt, Richardson & Poole, PA,* No. 03 C 5238, 2006 WL 3782994, at *13 (N.D. Ill. Dec. 21, 2006) (same).

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(C)

Pursuant to Local Rule 7.1, the undersigned hereby certifies that counsel for Defendants has conferred with Plaintiffs' counsel regarding the parties' motions *in limine*, and that the parties agree such motions require resolution by the Court.

Date: July 1, 2021

By: */s/* Susan J. Kohlmann
Susan J. Kohlmann (*Pro Hac Vice*)
Alison I. Stein (*Pro Hac Vice*)
Rémi J.D. Jaffré (*Pro Hac Vice*)
Jacob L. Tracer (*Pro Hac Vice*)
JENNER & BLOCK LLP
919 Third Avenue, 38th Floor
New York, NY 10022
Tel: (212) 891-1600
Fax: (212) 891-1699
skohlmann@jenner.com
astein@jenner.com
rjaffre@jenner.com
jtracer@jenner.com

Robert W. Pass (FL Bar #183169)
Christine R. Davis (FL Bar #569372)
CARLTON FIELDS, P.A.
215 South Monroe Street, Suite 500
Tallahassee, FL 32301
Tel: (850) 224-1585
Fax: (850) 222-0398
rpass@carltonfields.com

*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.1

Pursuant to N.D. Fla. Local Rule 7.1, I hereby certify that this motion is in compliance with the Court's word limit.  According to the word processing program used to prepare this motion, the total number of words in the motion, inclusive of headings, footnotes, and quotations, and exclusive of the case style, signature block, and any certificate of service is 1,027.

Date:   July 1, 2021                    By:   /s/ Susan J. Kohlmann
                                              Susan J. Kohlmann (*Pro Hac Vice*)
                                              JENNER & BLOCK LLP
                                              919 Third Avenue, 38th Floor
                                              New York, NY 10022
                                              Tel:  (212) 891-1600
                                              Fax: (212) 891-1699
                                              skohlmann@jenner.com

## CERTIFICATE OF SERVICE

I certify that on July 1, 2021, I filed the foregoing using the CM/ECF system, which will send notification to all counsel of record.

Date:   July 1, 2021                    By:   /s/ Susan J. Kohlmann
                                              Susan J. Kohlmann (*Pro Hac Vice*)
                                              JENNER & BLOCK LLP
                                              919 Third Avenue, 38th Floor
                                              New York, NY 10022
                                              Tel:  (212) 891-1600
                                              Fax: (212) 891-1699
                                              skohlmann@jenner.com